IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                            )<br>            Plaintiff,                          )<br>                                                            )<br>      vs.                                              )<br>                                                            )<br>KENDELL TEALER,                       )<br>                                                            )<br>            Defendant.                       ) | Case No. 8:14CR185<br><br><br>ORDER |

This case is before the court on the defendant Kendell Tealer's Motion for Bill of Particulars, Motion to Compel Rule 16 Discovery, Motion to Take Deposition, and Request for Hearing (filing 38).  The government has filed a Response to Defense Motion for Bill of Particulars, Motion to Compel Rule 16 Discovery, and Motion to Take Depositions (filing 41). The defendant is currently charged in a one-count superseding indictment with felon in possession of ammunition allegedly occurring on December 18, 2010, in the District of Nebraska.

## Bill of Particulars

The defendant requests that the court order a bill of particulars, specifically alleging that the government has adopted a closed-file policy and that a review of the discovery leads him to conclude that the government cannot meet its burden of proof at trial.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).  An indictment is legally sufficient "if it contains all

of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (internal quotation marks omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Id.*

The one-count superseding indictment in this case is in simple language and adequately informs the defendant of the charge. Whether the government can meet its burden of proof is for another day. The motion for bill of particulars is denied.

**Motion to Reveal Identity of Confidential Witness**

The defendant claims that a review of the discovery in this matter demonstrates that there is a confidential witness and that the government has denied requests to disclose the party's name. The government's response admits that there is a percipient confidential informant in the case, and that the government will disclose identity, prior criminal history, and any benefits the witness may receive, ten business days before trial. The government also

notes that it fully intends to comply with any obligation under *Brady v. Maryland*, 373 U.S. 83 (1963).

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro,* the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon*, 819 F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991); *United States v. Hollis,* 245 F.3d 677 (8th Cir. 2001).

Based on the motion and the government's admission, I find the government has a legal obligation under *Brady v. Maryland*, 83 S. Ct. 1194, 1196-97 (1963) to identify the confidential witness. The Defendant's Motion for Disclosure of Confidential Witness is granted.

### Motion to Take Deposition

The defendant moves the court for an order finding that Carrie Graham should be deposed under Fed. R. Crim. P. 15, to preserve her testimony for trial. The government opposes the request.

The Federal Rules of Criminal Procedure provide for depositions in very limited circumstances. Rule 15 provides that, "parties may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interests of justice." To establish exceptional circumstances, the moving party must show the witness' unavailability and materiality of the witness' testimony." *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006), *cert. denied*, 547 U.S. 1066 (2006). As the defendant makes no showing Carrie Graham would be unavailable for trial, I find he has failed to carry his burden and the motion for deposition is denied.

### Discovery

The defendant has filed a request for discovery under Rule 16, specifically alleging that he has reason to believe that all Rule 16 material has not been provided. He then requests specific materials listed as a through z, aa and bb. The government's response individually addresses each of the items requested. The government also notes that it is aware of its

discovery obligations as well as its obligation to supplement discovery if, and when, additional Rule 16 information becomes available. Based on the government's responses, I find that the government has produced all required Rule 16 discovery and has met its legal obligations under *Brady v. Maryland*, 83 S. Ct. 1194, 1196-97 (1963).

While I find the government currently in compliance with the requirements of discovery, I note its continuing obligations under Rule 16, *Brady*, and *Giglio v. United States,* 405 U. S. 150 (1972).

**IT IS ORDERED:** Defendant Kendell Tealer's Motion for Bill of Particulars, Motion to Compel Rule 16 Discovery, Motion to Take Deposition, and Request for a Hearing (filing 38) is granted as to disclosure of the Confidential Witness, and denied in all other respects.

1.  Defendant's Motion for Bill of Particulars is denied.

2.  Defendant's Motion to Disclose Confidential Witness is granted and the government is ordered to reveal the identity of the witness to the defendant fourteen (14) calendar days prior to trial.

3.  Defendant's Motion to Depose Carrie Graham is denied.

4.  Defendant's Motion for Rule 16 Discovery is denied.

Dated this 6th day of November 2014.

                BY THE COURT:

                s/ F.A. Gossett, III
                United States Magistrate Judge

A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.