IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 8:14CR185-LES-FG3-1 |
| v. | ) | |
| | ) | **Unopposed Motion toFile Under Seal a** |
| | ) | **MotionToDismiss Second Superceding** |
| | ) | **Indictment and Brief** |
| | ) | |
| | ) | |
| KENDALL TEALER, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Count two (2) of the Second Superseding Indictment charges the defendant, Kendall Tealer, with the murder of Mickle Graham, on July 2, 2006, "for the purpose of gaining entrance to and maintaining and increasing position in the 40th Ave Crips, an enterprise engaged in racketeering activity, did knowingly and intentionally murder in violation of Nebraska Statute §§28-302 and 28-303." Dkt. 53. The Government alleges this conduct violates Title 18, United States Code, Section 1959 (a)(l). If convicted, under federal law Mr. Tealer could be sentenced to death. For this reason, undersigned counsel, Jack Fisher, was appointed as learned counsel on May 22, 2015 and was directed to file an Entry of Appearance *Pro Hac Vice*. Dkt. 59. Due to the Memorial Day Holiday, Counsel's Appearance was filed May 27, 2015. Dkt. 64.

Assistant United States Attorneys Meredith B. Tyrakoski and Matthew R. Molsen were advised by undersigned counsel that a Motion to Seal would be filed requesting permission to file under seal a Motion to Dismiss the Sixth Superceding Indictment. Counsel is authorized to advise the Court that Ms. Tyrakoski and Mr. Molsen have no objection to sealing the motion as requested herein.

The Motion to Dismiss Second Superceding Indictment will make reference to the Government's "confidential witness," that was addressed in the Motion for Bill of Particulars and Motion to Compel Discovery. Dkt. 38 at pages 3-7. Government discovery names this witness and his cooperation will be discussed in detail in the Defendant's Motion to Dismiss the Second Superceding Indictment. The Motion to Dismiss also makes reference to Government discovery that is confidential and documents that have been filed under seal in the confidential witness' case.

Accordingly, sealing of the Motion to Dismiss and the Exhibits in support is appropriate and counsel requests this Court's permission to file under seal the Motion to Dismiss Second Superceding Indictment and Brief in Support .

### Brief in Support

This Court has the authority and discretion to seal Motions and Orders. *In the Matter of  Sealed Affidavit(s) to Search Warrants,* 600 F.2d 1256 (9th Cir. 1979). In reversing the district court ruling that the Court did not have authority to seal a search warrant affidavit the held that "[F]or the Courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations." *See Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978); *See also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975).

Respectfully submitted this 20th day of July, 2015.


/s/ Jack Fisher
Jack Fisher, OBA #2939
P.O. Box 1976
Edmond, Ok 73083
Okfishlaw@aol.com
Telephone: 405-235-9466
Facsimile: 405-340-7269

Kristina B. Murphree #18373
Marks Clare & Richards, L.L.C.
11605 Miracle Hills Dr., Ste. 300
Omaha, NE 68154
KMurphree@MCRlawyers.com
(402) 492-9800

ATTORNEYS FOR DEFENDANT
KENDALL TEALER


**Certificate of Service**

I hereby certify that on July 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Meredith B. Tyrakoski and Matthew R. Molsen Assistant U.S. Attorneys and Defendants counsel Kristina Murphree.


*/s/ Jack Fisher*