## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:14CR185** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **KENDELL TEALER,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| **Defendant.** | ) | |
| | ) | |

      Defendant has moved for dismissal of the Second Superceding Indictment. (Filing 74.) Defendant contends dismissal is proper because the seventy-day speedy trial clock expired prior to January 6, 2015, the date the Court issued an order setting the case for trial on March 9, 2015. Defendant also contends that dismissal is warranted because the government filed the Second Superceding Indictment as a means to gain a tactical advantage by tolling the speedy trial clock and obtaining a continuance of the trial date.

      A hearing on Defendant's motion to dismiss is scheduled for September 30, 2015. In preparation for the hearing, the undersigned has reviewed the parties' written submissions in connection with the motion. Having reviewed these materials, the undersigned finds that the seventy-day speedy trial clock had not expired prior to the Court setting the March 9, 2015 trial date. Therefore, no additional hearing on this particular issue is necessary.

      Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., a criminal defendant's trial must commence within seventy days after he is charged or makes an initial appearance, whichever is later. The Speedy Trial Act, however, excludes from the seventy-day period delays resulting from other proceedings concerning the defendant, including delays resulting from any pretrial motion. 18 U.S.C. § 3161(h). Periods of delay resulting from continuances granted on the court's own motion, or at the request of a party, are excludable only if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*.

In this case, Defendant contends that the order setting the case for trial was entered on the 71st day of the speedy trial clock. However, the record shows that Defendant has miscalculated the time that should be excluded from the speedy trial clock in two separate ways. First, Defendant neglected to exclude May 27, 2014 through May 29, 2014, which is the time period between the government's oral motion for detention and the adjudication of that motion. Second, Defendant failed to exclude the time between June 16, 2014 and July 3, 2014. This time period is excludable pursuant to the Court's July 7, 2014 order granting Defendant's motion for an enlargement of time to file pre-trial motions and extending the deadline to July 31, 2014. (Filing 25.) In that order, the Court stated that "[a]ny additional time arising as a result of the granting of this motion, that is, the time between June 16, 2014 and July 31, 2014, shall be deemed excludable time." (*Id*.) Therefore, Defendant's position that the period between June 16, 2014 and July 3, 2014 is not excludable is incorrect.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior District Court Judge Lyle Strom that Defendant's motion to dismiss (filing 74), insofar as it relies on the argument that the seventy-day speedy trial clock had expired, be denied.

**DATED September 21, 2015.**

                                **BY THE COURT:**

                                S/ F.A. Gossett
                                **United States Magistrate Judge**