# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR185 |
| | ) | |
| V. | ) | |
| | ) | |
| KENDELL TEALER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Produce ([filing 97](filing 97)) and the Government's Motion to Withdraw Exhibits ([filing 103](filing 103)). For the reasons explained below, Defendant's motion will be denied and the Government's motion will be granted.

## BACKGROUND

Defendant has moved for dismissal of the Second Superceding Indictment. ([Filing 74](Filing 74).) In opposition to Defendant's motion, the Government filed a brief and submitted three in camera exhibits. Subsequently, Defendant filed a motion requesting that the Government produce the in camera exhibits. ([Filing 97](Filing 97).) In response to Plaintiff's motion for production, the Government filed a motion to withdraw the exhibits at issue. ([Filing 103](Filing 103).) The Government requests that the Court return the exhibits and not consider them when ruling on Defendant's Motion to Dismiss.

## DISCUSSION

A defendant does not have a general constitutional right to discovery in a criminal proceeding. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). "In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Defendant has not pointed to any authority entitling him to discovery at this time.

Federal Rule of Criminal Procedure 16 does not give Defendant the right to inspect internal government documents. [Fed. R. Crim. P. 16](). Defendant also does not have a right to inspect the exhibits under the Jencks Act because the documents are not statements adopted by a witness. [18 U.S.C. § 3500](). Further, Defendant has no right to the documents under [*Brady v. Maryland*, 373 U.S. 83, 87 (1983)](), which requires that the government disclose evidence "favorable to an accused" and "material either to guilt or to punishment." Defendant has pointed to no authority supporting the proposition that *Brady* requires the production of internal government documents which simply discuss evidence.

Defendant also claims he is entitled to discovery based on his allegation of vindictive prosecution. In [*United States v. Armstrong*, 517 U.S. 456 (1996)](), the United States Supreme Court determined that before a court can order discovery on a selective (or vindictive) prosecution claim, the defendant must meet the rigorous burden of establishing the essential elements of a selective prosecution claim. In this case, Defendant maintains that the Second Superceding Indictment, which increased the severity of charges against him, was filed because he rejected a plea agreement. However, at this time, Defendant has not pointed to any objective evidence of an improper motive for the increased charges, nor has he shown that he is entitled to a presumption of vindictiveness. *See* [*United States v. Chappell*, 779 F.3d 872 (8th Cir. 2015)]() (stating that a defendant can prove vindictiveness with objective evidence of the prosecutor's improper motive in increasing charges or, in rare instances, by relying upon a presumption of vindictiveness if he provides evidence to show a reasonable likelihood of vindictiveness). In short, Defendant has not provided a valid reason why the exhibits should be disclosed.

Defendant additionally argues that the government waived privilege as to the exhibits by submitting them to the Court for in camera review. The Court disagrees. *See* [*United States v. Zolin*, 491 U.S. 554, 568-69 (1989)]() ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege.").

Finally, the Government's Motion to Withdraw Exhibits ([filing 103]()) will be granted. The exhibits at issue have not been offered or received into evidence. The hearing on the Motion to Dismiss has not taken place, and the Government has requested that the Court not

2

consider the in camera exhibits in deciding Defendant's Motion to Dismiss. Under these circumstances, Defendant will not be prejudiced by allowing the Government to withdraw the documents at this time.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Produce ([filing 97](filing 97)) is denied.

2. The Government's Motion to Withdraw Exhibits ([filing 103](filing 103)) is granted.

3. A hearing on Defendant's Motion to Dismiss ([filing 74](filing 74)) will be held before the undersigned on January 5, 2016, at 9:00 a.m.

**DATED November 23, 2015.**

                                          **BY THE COURT:**

                                          S/ F.A. Gossett
                                          **United States Magistrate Judge**