# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR185 |
| | ) | |
| V. | ) | |
| | ) | |
| KENDELL TEALER, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |
| | ) | |

Defendant has moved for dismissal of the Second Superseding Indictment. ([Filing 74](#).) Defendant contends that dismissal is warranted because the Second Superseding Indictment, which increased the severity of charges against him, was filed vindictively for rejecting a plea agreement. Defendant also argues that the Second Superseding Indictment was filed as a means to toll the speedy trial clock because the government was unable to locate a confidential informant who was to testify in this case.

An evidentiary hearing was held before the undersigned on January 5, 2016. Defendant presented evidence suggesting that the parties engaged in negotiations and reached an understanding with respect to terms for a plea agreement. The evidence indicated that Defendant rejected the terms of the informal "agreement," and the government subsequently filed the Second Superseding Indictment. Omaha Police Officer Candace Phillips ("Phillips"), who was responsible for keeping in contact with the confidential informant, also testified at the hearing. Phillips testified that she did not lose track of the informant and was able to keep in contact with him by telephone and through text messages.

Having heard the testimony and observed the witnesses, the undersigned will recommend that Defendant's motion to dismiss be denied. The undersigned finds Phillips's testimony regarding her contact with the confidential informant credible. Therefore, based on the evidence presented, the undersigned is unable to conclude that the Second Superseding Indictment was filed to toll the speedy trial clock.

Also, binding case law regarding the standard for vindictive prosecution dictates that Defendant's motion to dismiss be denied. "In order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights." *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (quotation omitted). "A defendant can prove such impermissible prosecutorial vindictiveness with objective evidence of the prosecutor's vindictive or improper motive." *Id*. "Absent such evidence, a defendant may, in rare instances, rely upon a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id*. However, the "defendant's evidentiary burden is a heavy one." *Id*. Defendant has not pointed to any objective evidence of an improper motive for the increased charges, nor has he shown that he is entitled to a presumption of vindictiveness. Other than offering a time line of events, Defendant has not presented any evidence indicating that the Second Superseding Indictment was filed out of vindictiveness or for any other improper purpose. Defendant's temporal evidence is insufficient to meet his evidentiary burden.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior District Court Judge Lyle Strom that Defendant's motion to dismiss (filing 74) be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED January 13, 2016.**

                                          **BY THE COURT:**

                                          S/ F.A. Gossett
                                          **United States Magistrate Judge**