IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:14CR185 |
| v. | |
| KENDELL TEALER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's objection, Filing No. 154, to the findings and recommendation ("F&R") of the magistrate, Filing No. 146. The second superseding indictment charges the defendant, Kendell Tealer ("defendant" or "Tealer") with having murdered Mickle Graham in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). Defendant sought to dismiss the second superseding indictment arguing vindictive prosecution and claiming the second superseding indictment "was filed as a means to toll the speedy trial clock because the government was unable to locate a confidential informant who was to testify in this case." Filing No. 146 at 1. *See also* Filing No. 154 and Filing No. 183. On January 5, 2016, Magistrate Judge F.A. Gossett held a hearing regarding defendant's motion. *See* Filing No. 137. On January 13, 2016, Magistrate Judge Gossett recommended that defendant's motion be denied. Filing No. 146. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003) (citing Fed.R.Civ.P. 72(b)). The court has carefully reviewed the entire record including the transcript of the hearing,

Filing No. 145, the briefs, and the relevant case law.  The court finds the objections to the F&R are overruled.

**Background**

The original indictment brought in May 2014, charged defendant with possession of a firearm on December 18, 2010, after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Filing No. 1.  The first superseding indictment, brought on August 19, 2014, charged defendant with "knowingly possessing ammunition which had been shipped and transported in interstate commerce after former conviction of a felony" in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *See also* Filing No. 29.  The second superseding indictment, brought on May 19, 2015, is a two count indictment.  Count I charges that Tealer "for the purpose of gaining entrance to and maintaining and increasing position in the 40th Ave Crips, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Mickle Graham" in violation of 18 U.S.C. § 1959(a)(1).  Filing No. 53.  Count II charges defendant with being knowingly in possession of "ammunition which had been shipped and transported in interstate commerce" after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  *Id.*

On July 23, 2015, defendant moved to dismiss the second superseding indictment.  Filing No. 74 (Sealed). The magistrate held a hearing pertaining to defendant's motion on January 5, 2016.  Filing No. 145 (Restricted).  At the hearing the magistrate granted the government's motion in limine preventing defendant from calling

Special Agent Donnie Mann to testify. The magistrate then denied the government's motion to quash defendant's subpoena of Special Agent Mann as moot. *See id.*

The magistrate issued his findings and recommendation pertaining to defendant's motion to dismiss the second superseding indictment on January 13, 2016. [Filing No. 146](). The magistrate recommended that defendant's motion be denied. Tealer timely objected in accordance with NECrimR 59.2.

**Discussion**

Tealer objects to the magistrate's findings claiming the second superseding indictment "was a 'Vindictive Prosecution' for Tealer's refusal to accept a plea offer and [a] manipulation of the Speedy Trial Act to obtain a tactical advantage due to the potential unavailability and refusal of the 'lynchpin' witness CW#1 to testify at trial unless he was paid $10,000.00." [Filing No. 154 at 5](). "A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004) (internal citations omitted). The United States Court of Appeals for the Eighth Circuit has held that "'[i]n order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights.'" *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (quoting *United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990)). Such prosecutorial vindictiveness can be proved either "with objective evidence of the prosecutor's 'vindictive or improper motive' in increasing the number or severity of charges" or "'in *rare* instances, [by] rely[ing] upon a presumption of vindictiveness' if he

3

provides sufficient evidence to show 'a reasonable likelihood of vindictiveness exists.'" *Id.* (emphasis in original) (quoting *Leathers*, 354 F.3d at 961; *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001); *United States v. Rodgers*, 18 F.3d 1425, 1429-30 (8th Cir. 1994) (additional citations omitted)). The burden of proving prosecutorial vindictiveness "is a heavy one." *Id.* (internal citations omitted).

The magistrate's F&R states that the defendant "has not pointed to any objective evidence of an improper motive for the increased charges …." Filing No. 146 at 2. Magistrate Judge Gossett also determined that "[o]ther than offering a time line of events, [d]efendant has not presented any evidence indicating … vindictiveness or … any other improper purpose." *Id.* Tealer "objects to these findings of fact and conclusion of law." Filing No. 154 at 10. Defendant asserts "he has established by 'objective evidence' that the superceding [sic] indictment was a vindictive action in response to Tealer's refusal to plead guilty to possession of ammunition." Filing No. 183 at 3.

The court's thorough reading of defendant's briefs reveals two ways defendant attempts to show objective evidence as to the government's alleged vindictive action. First, defendant argues the variation between the possible sentence he faced in the first superseding indictment before his rejection of "every offer of settlement" and the possible sentence he now faces establishes objective evidence of vindictiveness, Filing No. 154 at 10. *See* Filing No. 183 at 4 (pointing out that "charging murder in the [s]econd [s]uperceding [sic] [i]ndictment … carries a life sentence when the original charge only carried a maximum of ten years."). Defendant next asserts that he has

4

established objective evidence of vindictiveness because "[r]ather than [facing] a trial after one (1) year of incarceration – he then faced another year in the Douglas County Jail with the 'Hobson's choice' of either pleading guilty to a crime he did not commit or remaining in jail as an innocent man." Filing No. 154 at 10. The court agrees with the magistrate's F&R that defendant has failed to carry his heavy burden of producing objective evidence "of the prosecutor's 'vindictive or improper motive' in increasing the number or severity of charges." *Chappell*, 779 F.3d at 879 (quoting *Leathers*, 354 F.3d at 961). Filing No. 146 at 2.

Being unable to rely on objective evidence to prove vindictive prosecution, defendant must instead show that his is one of the rare instances where he can rely on a presumption of vindictiveness. *See Chappell*, 779 F.3d at 879 (quoting *Rodgers*, 18 F.3d at 1429-30 (quoting *United States v. Goodwin*, 457 U.S. 368, 373, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982))). In order to do so, defendant must provide "sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id.* (internal quotations omitted). In determining "whether the presumption of vindictiveness applies, the court must examine the prosecutor's actions in the context of the entire proceedings." *Id.* at 880 (internal quotations omitted).

The magistrate's F&R determined that defendant has not "shown that he is entitled to a presumption of vindictiveness." Filing No. 146 at 2. Tealer contends "it is objectively reasonable that the prosecutor filed the lesser ammunition charge with the plan that the defendant would plead guilty [and] [w]hen he refused the [g]overnment sought retribution." Filing No. 183 at 12. After a de novo review, the court finds that

5

defendant is not entitled to a presumption of vindictiveness. The court is unconvinced that a reasonable likelihood of vindictiveness exists given the prosecutor's actions in the context of the entire proceedings taken as a whole. "When the presumption is not created, the defendant retains the burden of proof …." *Punelli*, 892 F.2d at 1372. Defendant has failed to meet his heavy evidentiary burden and his objection to the magistrate's denial of defendant's motion to dismiss based on prosecutorial vindictiveness is overruled.

The court also finds defendant's argument that "the [g]overnment manipulated the limitations of the Speedy Trial Act 'to gain a tactical advantage'" to be without merit. Filing No. 154 at 25 (quoting *United States v. Becerra*, 435 F.3d 931, 935 (8th Cir. 2006)). Defendant claims the government brought the second superseding indictment "due to the unavailability of the [g]overnment's key witness, CW#1-a 'jailhouse' informant that solicited [g]overnment leniency … in return for his testimony." Filing No. 154 at 21. However, the motion hearing held before the magistrate revealed Omaha Police Officer Candace Phillips "did not lose track of the informant and was able to keep in contact with him by telephone and through text messages." Filing No. 146 at 1. Defendant also argues "[t]he 'objective facts' alleged on the 'vindictive motive' issue also apply" to defendant's allegation that the government manipulated the speedy trial clock in order to gain a tactical advantage. Filing No. 183 at 14. As indicated above, the court finds the prosecutor's actions viewed within the context of the entire proceedings do not provide defendant a presumption of vindictiveness. Likewise, the court is unconvinced that those same facts convincingly show that the government

manipulated the speedy trial clock in order to gain a tactical advantage. Therefore, defendant's objection to the magistrate's denial of his motion to dismiss the second superseding indictment on that basis is also overruled.

Finally, defendant contends "[i]n the alternative, the defendant's Motion to Produce the ex parte documents submitted in camera should be sustained." *Id.* at 14-15. The magistrate denied defendant's motion to produce the in camera documents and granted the government's motion to withdraw the exhibits and not consider the documents when ruling on the motion to dismiss the second superseding indictment. [Filing No. 120](). Defendant failed to timely object to the magistrate's ruling on that issue. *See* NECrimR 59.2. Therefore, the court will overrule defendant's alternative, asking that the in camera documents which have already been returned to the government be produced to the defendant.

Accordingly, the court adopts the F&R of the magistrate and overrules the objections of the defendant.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's objections, [Filing No. 154](), are overruled;

2. Defendant's motion to dismiss the second superseding indictment, [Filing No. 74]() (Sealed) is denied; and

3. The F&R of the magistrate, [Filing No. 146](), is adopted in its entirety.

Dated this 22nd day of April, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge