IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>KENDELL TEALER,<br><br>                Defendant. | 8:14CR185<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on two motions filed by the defendant Kendell Tealer ("defendant" or "Tealer") (Filing Nos. 202 and 204). Defendant filed a motion to suppress search on July 19, 2016. Filing No. 202. On July 20, 2016 defendant filed a motion for a *James* hearing and to exclude evidence of other criminal acts not charged in the indictment and to exclude the admission of purported co-conspirator hearsay under Federal Rule of Evidence 801(d)(2)(E). Filing No. 204. The matters have been fully briefed by the parties. *See* Filing Nos. 203, 204, 210, 211, 218, and 220. On September 15, 2016, the Court held a hearing as to defendant's motions. *See* Filing No. 221. After review of the motions, the parties' briefs and arguments at the September 15th hearing, and the relevant law, the Court finds as follows.

**BACKGROUND**

The original indictment, brought in May 2014, charged defendant with possession of a firearm on December 18, 2010, after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing No. 1. The first superseding indictment, brought on August 19, 2014, charged defendant with "knowingly possess[ing] … ammunition which had been shipped and transported in interstate

commerce" after prior conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing No. 29. The second superseding indictment, brought on May 19, 2015, is a two-count indictment. Count I charges that Tealer "for the purpose of gaining entrance to and maintaining and increasing position in the 40th Ave Crips, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Mickle Graham" in violation of 18 U.S.C. § 1959(a)(1). Filing No. 53. Count II charges defendant with being knowingly in possession of "ammunition which had been shipped and transported in interstate commerce" after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). *Id.*

On December 28, 2010, prior to the filing of the indictments, the Omaha Police Department conducted a search of 1121 North 48th Street, #13, Omaha, Nebraska (the "Arias Apartment"). Filing No. 203 at 1. The search was conducted without a search warrant. *See* Filing No. 211 at 1-2 ("The property manager allowed the officers to enter the apartment. The officers … searched the apartment and seized several items as evidence related to the murder of Mickle Graham."). The apartment searched had been leased to Jeneva Arias, an acquaintance of Tealer. Filing No. 202 at 1.

Prior to the December 28, 2010, search, the Arias Apartment "had become the subject of an eviction procedure filed in Douglas County Court." Filing No. 203 at 1. The eviction proceedings by the landlord were initiated on November 22, 2010. *Id.* at 2. On December 7, 2010, a complaint and praecipe were filed. *Id.* The following day on December 8, 2010, "a Summons was received by the Douglas County constable and a Service Return was filed with the county court." *Id.* The county court held a hearing on December 21, 2010. *Id.* Neither the tenant, Jeneva Arias, nor Tealer were present at

the hearing as both were incarcerated.  *Id.* at 2-3; *see also* Filing No. 211 at 4 ("Defendant argues that because *they* were incarcerated at the time of the hearing and Arias couldn't attend ….") (emphasis added).  Following the December 21, 2010, hearing, the county court entered a writ of restitution and order.  Filing No. 203 at 3.  "Later on the 27th of December, an order of No Trespassing and the signed Writ of Restitution were posted on the door of the [Arias] [A]partment.  At the bottom of the Writ was handwritten 'to execute on the 28th or after.'"  *Id.*  The landlord also changed the apartment's locks.  Filing No. 211 at 8.

**DISCUSSION**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. However, the "'capacity to claim the protection of the Fourth Amendment depends … upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.'" *Minnesota v. Olson*, 495 U.S. 91, 95, 110 S. Ct. 1684, 109 L. Ed. 2d 85 (1990) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978)).  The United States Supreme Court has observed "that society recognizes that a houseguest has a legitimate expectation of privacy in his host's home."  *Olson*, 495 U.S. at 98.  As such, an overnight houseguest's reasonable expectation of privacy in his host's home provides his standing to assert the protection provided by the Fourth Amendment.  *Cf. United States v. Brown*, 484 F. Supp. 2d 985, 992 (D. Minn. 2007) ("A defendant lacks standing to challenge a search of a house where he ha[s] no legitimate expectation of privacy in the house.").

In the present case, the government argues that Tealer lacks standing to assert a Fourth Amendment violation to the warrantless December 28, 2010, search.  *See* Filing No. 211 at 2-5.  The government's argument is based on Arias' loss of legal control of her apartment due to the eviction.  *See id.* at 3.  The Court finds that defendant lacks standing.  At the time of the search, the landlord was legally and lawfully in possession of the Arias Apartment.  Therefore, because the landlord, and not Jeneva Arias, was in legal possession of the Arias Apartment, Tealer lacks standing to assert a Fourth Amendment violation as an overnight guest because any reasonable expectation of privacy he might have had was lost once the landlord regained legal possession of the Arias Apartment through the eviction proceedings.  *See Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 142 L. Ed. 2d 373 (1998); *United States v. Stallings*, 28 F.3d 58, 60 (8th Cir. 1994).  Additionally, Tealer refused to acknowledge at the motion hearing that any of the items seized from the Arias Apartment belonged to him.  *See Simmons v. United States*, 390 U.S. 377, 390-91, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968) (holding "that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial …" and indicating that "there will be occasions … when a defendant's testimony will be needed to establish standing.").  Because Tealer failed to establish either a reasonable expectation of privacy in the Arias Apartment or a possessory interest in any of the items seized, he lacks standing to challenge the December 28, 2010, warrantless search.

Even if Tealer could show standing, the Court finds that the motion to suppress should still be denied.  As determined above, the Court finds that the landlord was in

legal possession of the Arias Apartment at the time of the search.  Defendant seems to agree.  See Filing No. 203 at 4 ("the eviction proceedings returns the physical property to the landlord ….").  The landlord was therefore able to provide consent to the search of the Arias Apartment.  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973) ("one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."); *see also United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1995) ("Consent may validly be granted by the individual whose property is to be searched … or by a third party who possesses common authority over the premises ….") (internal citations omitted).

The police officers who conducted the search of the Arias Apartment reasonably relied on the apparent authority of the landlord.  When they arrived at the Arias Apartment, they saw the no trespassing order signed by the Douglas County Constable as well as the Writ of Restitution signed by a County Court Judge.  Filing No. 222. Additionally, after a discussion with the property manager, they were informed that the locks on the apartment doors had been changed and the landlord was the only one with a key to be able to access the apartment. The words and actions of the landlord provide sufficient justification for the officers to rely on its apparent authority to provide consent to enter the Arias Apartment without a search warrant.  See *United States v. Hinckle*, 456 F.3d 836, 840 (8th Cir. 2006) ("a third party that a government agent reasonably believes has 'common authority' over a property, may voluntarily consent to a search.") (internal citations omitted).

THEREFORE, IT IS ORDERED that:

1. Tealer's motion to suppress, Filing No. 202, is denied.

2. As ruled by the Court at the motion hearing, Tealer's motion for a *James* hearing, Filing No. 204, is denied at this time without prejudice.

Dated this 5th day of October, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge